```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ALEX RUDAJ,                              :    13 Civ. 6149 (DLC)
                 Movant,                 :
                                         :    MEMORANDUM OPINION
         -v-                             :         AND ORDER
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                 Respondent.             :
                                         :
---------------------------------------- X
```

APPEARANCES:

For the Movant:

Alex Rudaj, pro se
Reg. No. 02381-748
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640


For the Respondent:

Jennifer G. Rodgers and Katherine Goldstein
Assistant United States Attorneys
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007


DENISE COTE, District Judge:

On August 23, 2013, Alex Rudaj ("Rudaj"), proceeding pro se, submitted a civil action seeking the return of property seized from him at the time of his arrest in 2004. The Government opposes the motion. For the following reasons, the

motion is denied.

BACKGROUND

Rudaj was arrested on October 26, 2004 at his home.  At the time of his arrest, guns, ammunition, $38,612 in cash, a tazer, handcuffs, and holsters were seized.  Rudaj was indicted for RICO violations, extortion, loan sharking, and other crimes.  The indictment sought forfeiture of Rudaj's interest in money and other property subject to criminal forfeiture.  On January 4, 2006, a jury returned a guilty verdict against Rudaj on several counts, including the RICO charges.

On June 16, 2006, Rudaj was sentenced principally to 27 years' imprisonment and ordered to forfeit certain property.  A money judgment in the amount of $5,755,000 was entered against Rudaj.  The interests covered by the forfeiture included interests in certain real estate other than his home.

In May 2010, following the exhaustion of Rudaj's appellate rights,[1] Rudaj's attorney and the Government submitted a proposed final order of forfeiture as to various assets ("Final Order").

---

[1] On June 11, 2009, the Second Circuit Court of Appeals affirmed his conviction and sentence.  United States v. Ivezaj et al., 568 F.3d 88 (2d Cir. 2009); United States v. Ivezaj et al., 336 Fed. App'x 6 (2d Cir. 2009).  The Supreme Court denied granting a writ of certiorari on March 8, 2010.  Rudaj v. United States, 130 S. Ct. 1750 (2010)(mem.).

The Final Order was executed on May 13, 2010.  Pursuant to the parties' stipulation, the Government agreed to credit Rudaj the sum of $262,612.80 for certain money invested in one of the forfeited properties and to consider that sum a substitute asset applied towards the payment of the money judgment.  The sum of $226,365.21, which represented half of the proceeds from the sale of the defendant's home, was also applied towards the payment of the money judgment.  The Final Order gave the Government clear title to the forfeited property since notice of the forfeiture action had been duly published and no petitions had been filed to contest the forfeiture.  The Final Order gave the Government title to the substitute funds as well.

In his August 23, 2013 motion for return of property pursuant to Rule 41(g), Fed.R.Civ.P., Rudaj seeks return of all of the property listed on the inventory of seized items created by the arresting officers.  In the motion, Rudaj acknowledges that the firearms and ammunition are contraband, but asks that all seized assets be returned to his wife.

On October 24, the Government opposed the return of the seized items on the ground that the Rule 41 motion was untimely and because Rudaj has not yet satisfied the money judgment entered against him.  As for the firearms and firearms-related items, the Government argues as well that they are properly

retained by the Government as contraband.  Rudaj replied to these arguments in a submission of November 7.

DISCUSSION

Rudaj's motion for the return of property is untimely.  A cause of action under Rule 41(g) accrues "at the end of the criminal proceeding during which the claimant could have sought the return of his property by motion, but neither sought such return nor received his property."  Bertin v. United States, 478 F.3d, 489, 493 (2d Cir. 2007).  Although Rudaj's conviction did not become final until March 8, 2010, the date when his petition for certiorari was denied by the Supreme Court, he could have moved for the return of his property when he was sentenced, on June 16, 2006, notwithstanding the pendency of his appeal.  See, e.g., Kee v. United States, 01 Civ. 1657 (DLC), 2001 WL 897175 (S.D.N.Y. Aug. 9, 2001).  Accordingly, under the six-year statute of limitations for motions under Rule 41(g), see Bertin, 478 F.3d at 492, Rudaj was required to file this motion by June 16, 2012.  Because this action was submitted and filed more than one year after that date, it is untimely.

Even if timely, the motion must be denied.  Most of the items listed on the inventory of seized property are firearms or ammunition.  As Rudaj acknowledges, firearms and ammunition in

4

his possession are contraband and properly seized by the Government.  United States v. David, 131 F.3d 55, 59 (2d Cir. 1997)("It is well settled that upon the termination of criminal proceedings, seized property, other than contraband, should be returned to the rightful owner." (citation omitted)); see also United States v. Zaleski, 686 F.3d 90, 92 (2d Cir. 2012). Although Rudaj asks that the firearms and ammunition be returned to his wife, for sale through a licensed firearms dealer if necessary, there is no basis to find that these items belonged to his wife.  Not surprisingly, Rudaj's wife has not brought a motion for return of these items, accompanied by a declaration that these items are her property.

In his reply, Rudaj also refers to the cash that was seized.  Rudaj correctly points out that the Government has not indicated whether this money was applied to the money judgment entered against him.  It will now be ordered to do so.

CONCLUSION

Accordingly, it is hereby

ORDERED that the cash seized at the time of Rudaj's arrest be applied to the money judgment entered against Rudaj in connection with his sentence.

IT IS FURTHER ORDERED that the motion for the return of

5

property, filed on August 29, 2013, is denied.


SO ORDERED:

Dated:     New York, New York
           December 2, 2013

                              _____
                                      DENISE COTE
                              United States District Judge